787 F.2d 390
 Prod.Liab.Rep.(CCH)P 10,947
Gertrude FOSTER, Individually and as Personal Representative
of the Heirs and Estate of John W. Foster,
Deceased, Appellant,
v.
JOHNS-MANVILLE SALES CORPORATION, et al., Nicolet
Industries, Inc. and Pittsburgh Corning
Corporation, Appellees.
 No. 85-1304.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1985.
Decided March 26, 1986.
 
 Brian Weinstein, Dallas, Tex., for appellant.
 Daniel J. McDermott, Cedar Rapids, Iowa and John E. Swanson, Des Moines, Iowa, for appellees.
 Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 Plaintiff Gertrude Foster appeals from the District Court's granting of defendants' motion for summary judgment on the ground that plaintiff's action is barred by Iowa's two-year statute of limitation for personal injury actions. For the reasons discussed below, we reverse and remand.
 
 I.
 
 2
 Plaintiff and her husband, John W. Foster, filed this products liability action on March 12, 1982 to recover damages for personal injuries alleged to have been suffered by Mr. Foster because of his exposure to asbestos products manufactured by various corporations. Mr. Foster was a construction worker who cut and applied asbestos insulation to pipes and furnaces. He died on May 15, 1982, and plaintiff was substituted as the personal representative of his estate.
 
 
 3
 Defendant Johns-Manville filed for bankruptcy, and in March 1983 the District Court severed it from this action. The remaining defendants in the action, Nicolet and Pittsburgh Corning, filed motions for summary judgment on the ground that the action was barred by Iowa's two-year statute of limitation for personal injury actions. Iowa Code Sec. 614.1, subd. 2. Defendants contend that Mr. Foster was aware that he had asbestosis as early as 1972, and that this knowledge triggered the two-year limitation period in which to file suit. In support of their motions, defendants produced documentary evidence indicating that Foster had been diagnosed in 1972 as having asbestosis. The first document is entitled "Report of Consultation" and is dated July 31, 1980. This document appears to be a report written by a Dr. Lehman to Dr. Schumacher, Mr. Foster's family physician.[1] The report states that Foster "developed asbestosis of the lungs with pleural calcifications and this was why he was granted disability in 1973." Record at 81. The second document is a Social Security form entitled "Disability Determination and Transmittal." Several dates between April and July of 1972 appear on the document (apparently because of various dates of review at different agency levels). The document appears to be an agency determination that Foster was disabled from January 21, 1972 "due to chronic obstructive airway disease with asbestosis and emphysema," thus entitling Foster to Social Security disability benefits. Record at 189. Defendants cite to a "date of transmittal" entry of April 6, 1972 on the document to form the basis of a presumption (under agency regulations) that Foster received a copy of this document within five days thereafter. The third document, dated March 29, 1974, is a Social Security form entitled "Continuing Disability Review." This document indicates that the prior disability determination is continued for the period from October 1972 to March 1974. An entry for "Diagnosis" states "Chronic Obstructive Airway Disease with asbestosis and emphysema." Record at 190.
 
 
 4
 Based on these documents, defendants contend that it is clear Mr. Foster knew or should have known in 1972 or 1973 that he had asbestosis, and that this knowledge triggered the running of the two-year limitation period in which to file suit. Since this action was not filed within two years thereafter, they argue, the action is barred.
 
 
 5
 The District Court granted defendants' motion for summary judgment. The court appears to have based its decision on the fact that plaintiff failed to produce any evidence to rebut defendants' evidence that Mr. Foster first knew or should have known that he had asbestosis in 1972 or 1973. The court noted that plaintiff instead had chosen to rely on defendants' failure to produce evidence that Mr. Foster was aware of the cause of his condition. The court stated that since plaintiff easily "could have supplied affidavits regarding when [Mr. Foster] was advised of the nature of his condition and his [knowledge] of the relationship between exposure to asbestos and asbestosis, the court does not feel plaintiff has carried her burden and raised a factual issue for the jury." Record at 229 (order granting summary judgment).
 
 
 6
 Plaintiff contends that the District Court erred in granting summary judgment. She asserts that, even assuming arguendo that Mr. Foster knew he had asbestosis in 1972, he did not discover that his condition was caused by his exposure to asbestos products until July 1980 when Dr. Lehman so informed him. Therefore, under the Iowa discovery rule, the two-year limitation period did not commence until that time. Since this action was filed within two years thereafter (March 1982), the action was timely filed and is not barred. Implicit in plaintiff's argument is the contention that there is a genuine issue as to a material fact--whether in the exercise of reasonable diligence Mr. Foster should have known of the cause of his condition and of defendants' alleged wrongful acts in regard thereto more than two years before this action was filed.
 
 II.
 
 7
 Once again we are faced with the entry of summary judgment in favor of a defendant on an issue involving Iowa's "discovery rule" exception to a statute of limitation defense. See Vacura v. Plott, 666 F.2d 1200 (8th Cir.1981).
 
 
 8
 Summary judgment is appropriate only when the moving party satisfies its burden of showing the absence of a genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the opposing party and must give that party the benefit of all reasonable inferences to be drawn from the facts. Adickes, 398 U.S. at 157, 90 S.Ct. at 1608; Vette Co. v. Aetna Casualty & Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). This Court often has noted that summary judgment is "an extreme and treacherous remedy," and should not be entered "unless the movant has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances." Vette, 612 F.2d at 1077. Whether summary judgment was proper here turns on the application of the Iowa discovery rule to the facts in this case.
 
 
 9
 The Iowa Supreme Court first recognized the discovery rule exception in Chrischilles v. Griswold, 260 Iowa 453, 150 N.W.2d 94 (1967) (negligence). See Franzen v. Deere and Co., 334 N.W.2d 730, 732 (Iowa 1983) (strict liability in tort). After noting the general rule that a cause of action accrues "when the aggrieved party has a right to institute and maintain a suit," 150 N.W.2d at 99, the court in Chrischilles stated that a negligence action does not accrue "until plaintiff has in fact discovered that he has suffered injury or by the exercise of reasonable diligence should have discovered it...." Id. at 100. Although this language focuses only on actual or constructive knowledge of the injury, elsewhere in the opinion the court referred to knowledge of the cause of the injury as well. Id. at 99-100. That this was intended is evidenced by later decisions. See, e.g., Schnebly v. Baker, 217 N.W.2d 708, 721-23 (Iowa 1974) (stating that plaintiff must know the "basic operative facts" about the injury and its cause).
 
 
 10
 The discovery rule was reaffirmed in Baines v. Blenderman, 223 N.W.2d 199 (Iowa 1974), in which the court made clear that actual or constructive knowledge of both the existence and the cause of an injury was necessary to trigger the limitation period.
 
 
 11
 Defendants equate perception of physical harm with imputed knowledge of its origin in malpractice. That is not the meaning of the discovery rule. Knowledge of an injury may or may not be sufficient to alert a reasonably diligent person to the basis of his claim, depending on the circumstances of the case.
 
 
 12
 Id. at 201. The court stated that the limitation period is triggered by the plaintiff's actual or constructive "knowledge of the existence of his cause of action." Id. at 202. By this the court meant to require only "knowledge of sufficient facts to be aware he had a cause of action...." Id. In Baines the court concluded that the fact the plaintiff knew he had an injury which occurred during surgery was insufficient to charge him with constructive knowledge that it was caused by the defendant physician's negligence. Id. at 203.
 
 
 13
 The most instructive case for our purposes, however, is a recent Iowa Supreme Court decision that was issued six days after oral argument was heard in the present case. In Franzen v. Deere and Co., 377 N.W.2d 660 (Iowa 1985) (Franzen II ), the court stated that the limitation period is triggered when the plaintiff has actual or constructive knowledge of "the allegedly wrongful act." Id. at 662. The court explained that "actual or imputed knowledge of all the elements of the action" is required. Id. Although the plaintiff must know the underlying facts, it is not necessary that he know they are actionable. "Knowledge of the facts and knowledge they are actionable are distinct and unrelated issues for purposes of the discovery rule." Id. Once the injured party is aware of the underlying facts (i.e., once he is put on inquiry notice), he is under a duty to investigate. Id.
 
 
 14
 The court in Franzen II affirmed the trial court's entry of summary judgment for the defendant. In so doing, the court stated that the cases relied on by the plaintiffs for a different result were "easily distinguishable." Id. at 663. It is quite instructive that two of the cases distinguished by the court involved latent diseases in situations where there was uncertainty regarding causation. Id. (citing King v. Seitzingers, Inc., 160 Ga.App. 318, 287 S.E.2d 252 (1981) (lead poisoning caused by inhalation of fumes in battery plant) and Sahlie v. Johns-Manville Sales Corp., 99 Wash.2d 550, 663 P.2d 473 (1983) (asbestosis)). The reference to Sahlie is particularly instructive because it is so similar factually to the present case and involves the application of similar legal principles.
 
 
 15
 In view of the Iowa Supreme Court's citation to King and Sahlie and its prior pronouncements on the application of the discovery rule in latent disease cases, we believe that the District Court erred in granting defendants' motion for summary judgment. Even assuming arguendo that Mr. Foster knew that he had asbestosis in 1972, defendants failed to show the absence of a genuine issue as to another material fact--Foster's knowledge regarding causation. We cannot say as a matter of law that Foster knew or should have known before March 12, 1980 (two years before suit was filed) that his asbestosis was caused by his exposure to asbestos products manufactured by defendants and that these products were defective and unreasonably dangerous or that defendants' wrongful acts caused his condition. See Franzen II, 377 N.W.2d at 662 ("knowledge of all the elements of the action"); cf. Nolan v. Johns-Manville Asbestos, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864, 868-69 (1981).
 
 
 16
 Defendants point out that plaintiff failed to comply with the District Court's suggestion that in order to avoid summary judgment they produce affidavits or deposition testimony from Mr. Foster's physicians stating when they first advised him that he had asbestosis. Defendant's argument seems to suggest that it was incumbent on plaintiff to produce evidence affirmatively asserting the existence of a fact on which her claim relied. See Fed.R.Civ.P. 56(e). This very argument was rejected, however, in Adickes, 398 U.S. at 159-60, 90 S.Ct. at 1609-10. Where the moving party fails to satisfy its burden to show initially the absence of a genuine issue concerning any material fact, summary judgment must be denied even if no opposing evidentiary matter is presented. Id. That is the case here.
 
 
 17
 "Issues of due diligence and constructive knowledge depend on inferences drawn from the facts of each particular case.... When conflicting inferences can be drawn from the facts, summary judgment is inappropriate." Snyder v. United States, 717 F.2d 1193, 1195 (8th Cir.1983). Whether in the exercise of reasonable diligence Mr. Foster should have known before March 12, 1980 of his condition, the cause of his condition, and of defendants' wrongful acts in regard thereto is a disputed factual issue properly left for the jury.
 
 
 18
 Reversed and remanded.
 
 
 
 [1]
 There is some confusion between the parties as to who wrote the report--Dr. Lehman or Dr. Schumacher. For purposes of determining whether summary judgment was proper, that fact is not relevant