**1398**

Wayne BELUE, et al., Plaintiffs,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS, AFL–CIO (UAW), et al., Defendants.

LOCAL UNION 25, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS, (UAW) AFL–CIO, Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS, AFL–CIO (UAW), Defendant.

Nos. 87–0690C(6), 87–1437C(6).

United States District Court,
E.D. Missouri, E.D.

Nov. 21, 1988.

See also 669 F.Supp. 944.

Christopher J. Holthaus, St. Louis, Mo., Joseph A. Yablonski, Charles R. Both, John F. Colwell, Washington, D.C., for plaintiffs.

Jordan Rossen, Leonard R. Page, Daniel W. Sherrick, International Union, UAW, Detroit, Mich., Morris Levin, Sheldon Weinhaus, Levin & Weinhaus, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is presently before the court on plaintiffs' motion for partial summary judgment. Plaintiffs seek summary judgment on the issue of liability only, leaving for factual determination the issues of damages.

Various members of Local Union 25 ("Local 25") of the United Automobile, Aerospace and Agricultural Implement Workers, AFL–CIO ("UAW") filed this suit in the spring of 1987 under Title III of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 461, *et seq.*, seeking declaratory, injunctive, and monetary relief based on the UAW's allegedly wrongful imposition of a trusteeship over the affairs of Local 25. In addition to the UAW, plaintiffs also named as defendants Ken Worley, director of UAW Region 5, and Cecil Lawson, former president of Local 25.

### I. *Statement of Undisputed Material Facts*

The undisputed material facts are comprised of the following. Local 25, an amalgamated local located in St. Louis, Missouri, includes approximately 6,000 members, consisting of over 3,000 retirees, 2,200 employees at General Motors' Truck and Bus Plant, and 550 employees at a

General Motors Parts Depot. Under the UAW constitution, Local 25 was to conduct elections for its Executive Board and Bargaining Chairman and Shop Committeeman in May of 1987.

On February 10, 1987, Cecil Lawson—at that time, Local 25's president—sent a written request to Ken Worley seeking to have Local 25 placed under a trusteeship. The reasons advanced for the trusteeship were twofold: first, because the truck and bus plant was scheduled to close in June 1987, some members of the Local's board feared that another election would be necessary almost immediately after the one scheduled in May. Second, the board was concerned that assistance from the UAW might be required in negotiating and obtaining a plant closing agreement and that imposition of a trusteeship would be necessary to secure such assistance.

The full board met on March 9, 1987 and voted 7–3 in favor of the trusteeship. Thereafter, on March 12, the local held a meeting at which the membership voted 334 to 96 against the imposition of a trusteeship. Nevertheless, Lawson sent another request for the imposition of a trusteeship to Worley on March 17 in which Lawson only made note of the Local Executive Board vote in favor of the trusteeship. Worley apparently hand-carried the letter to Detroit and orally requested that the matter be placed on the agenda of the International Executive Board meeting scheduled during the week of March 23. The UAW granted the request, and on March 23rd, the UAW sent mailgrams to the top four Local officers informing them that a show cause hearing on whether to impose the trusteeship would be held at 10:00 a.m. March 25 in Detroit. The local officers received the mailgrams early March 24. The general membership was not sent notice.

The show cause hearing was held on March 25 as scheduled. Seven of the Local Executive Board members attended. The International Executive Board voted unanimously to place the local in trusteeship.

Upon receiving notice of Local 25's having been placed in trusteeship, the member-ship evinced an overwhelmingly negative response. On April 2, 1987 plaintiffs Belue and Case filed an appeal of the International Executive Board's decision with the Union Public Review Board ("PRB"). A PRB officer held a fact-finding proceeding on April 24, 1987 in St. Louis, and on May 4, 1987, the PRB held a hearing on the appeal. Plaintiffs also filed suit with this Court on April 16, 1987, and a hearing was held on April 22, 1987 regarding plaintiffs' motion for a preliminary injunction. At the April 22nd hearing, testimony and exhibits were adduced. The parties provided the PRB with a transcript of that hearing as well as all the exhibits presented.

On May 11, 1987, the PRB issued an order dissolving the trusteeship. In its June 11, 1987 Decision in support of the order, the PRB found that the UAW had not imposed the trusteeship for a permissible purpose under the UAW constitution. The PRB held that the possibility of the truck and bus plant's closing shortly after the Local elections in June did not provide a legitimate reason for imposition of a trusteeship. On the one hand, the plant's closing date would not necessarily correlate with the actual date upon which all employees at the plant would be transferred to another region. The PRB also noted that the plant closing and resultant transfer of employees actually created more need for the guidance of those officials elected by the transferring employees.

On the other hand, the PRB noted that the UAW could assist in plant closing negotiations, and imposition of a trusteeship over Local 25 was not warranted.

On April 1, 1987, plaintiffs filed an administrative complaint with the Department of Labor challenging the validity of the trusteeship. On May 12, 1987, the Department informed the UAW that litigation was likely unless the trusteeship was dissolved. By this time the PRB order dissolving the trusteeship had already been issued. The Department of Labor subsequently filed a "Statement of Reasons" for its May 12 decision. In that statement, the Department found in accordance with the PRB as to the impermissibility of the

UAW's purported reasons for the trusteeship under § 302 of the LMRDA, 29 U.S.C. § 462. The Department held further that the trusteeship was imposed without a fair hearing, as required both by the LMRDA and the UAW constitution. *See* 29 U.S.C. § 464(c). Therefore, the Department found that the trusteeship was improperly imposed.

## II. *Plaintiffs' Motion for Summary Judgment*

Plaintiffs seek summary judgment on the issue of liability for improper imposition of a trusteeship over Local 25. In support of their motion, plaintiffs allege three bases: the trusteeship was imposed for impermissible purposes under the LMRDA and the UAW constitution; the trusteeship was imposed without a fair hearing, in violation of 29 U.S.C. § 464(c); and, finally, this Court should give preclusive effect to the holdings of the PRB and the Department of Labor regarding the first two bases. Because the Court finds that preclusion is appropriate in this case, summary judgment on the issue of liability will be granted.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party, and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civl 2d*, § 2739 (1983).

In their response to plaintiffs' motion, defendants argue the existence of disputed material facts with regard to the issues of the union's bad faith in imposing the trusteeship and whether plaintiffs are prevailing parties for purposes of attorney's fees. While these allegations may well have merit, they are completely unresponsive and immaterial to the plaintiffs' motion. Both issues go to the question of damages and/or attorney's fees. Neither issue goes to the question of the UAW's liability for imposing the trusteeship impermissibly. Therefore, the Court finds defendants' arguments are unpersuasive.

Plaintiffs' arguments, in contrast, are convincing. Singularly dispositive is plaintiffs' preclusion argument, as their remaining two arguments are subsumed therein.

In *Anthan v. Professional Air Traffic Controllers*, 672 F.2d 706, 709 (8th Cir. 1982), the Eighth Circuit indites the test for collateral estoppel, or issue preclusion:

> Before an administrative adjudication will constitute collateral estoppel, the following prerequisites must be met:
> (1) the issue must be identical to one in a prior adjudication;
> (2) there was a final judgment on the merits;
> (3) the estopped party was a party or was in privity with a party to the prior adjudication; and
> (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Id.* In this case, the issue before the PRB, the Department of Labor, and this Court has never changed. Before each tribunal, plaintiffs argued that the trusteeship was improperly imposed due to the lack of a fair hearing and its impermissible purposes. Both the PRB and Department of Labor addressed the impermissible purpose issue. (The PRB did not discuss the fair hearing question, because, having determined the UAW's reasons for imposing the

trusteeship were not cognizable under either the LMRDA or the UAW constitution, the Board declined to address the alternative ground for dissolving the trusteeship.) Each determined the asserted purposes were improper and that the trusteeship ought to be dissolved.

The Supreme Court has held that issue preclusion applies where "an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate...." *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *see also, United States v. Karlen,* 645 F.2d 635, 638 (8th Cir.1981). Moreover, the Court has permitted offensive use of collateral estoppel where such use is not unfair to the defendant. Unfairness may exist because

> (1) the defendant had no strong incentive to litigate the prior lawsuit, (2) the judgment relied on was inconsistent with one or more previous judgments in favor of the defendant, or (3) the second action afforded the defendant procedural opportunities unavailable in the first action that could readily cause a different result.

*Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 330–31, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979).

Defendants have not argued that partial summary judgment in the case at bar would result in any unfairness to them, nor could such argument be compelling in any regard. None of the *Parklane Hosiery* factors is present in this case; all of the *Anthan* factors are. Therefore, the Court finds that plaintiffs' use of collateral estoppel is appropriate in this case. Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for partial summary judgment on the issue of the UAW's liability for wrongful imposition of a trusteeship over Local 25 be and the same is granted.