David **WASIELEWSKI**, Plaintiff,

v.

**KIRBERG ROOFING INC.**, Defendant.

No. 4:92CV01314 GFG.

United States District Court, E.D. Missouri, E.D.

May 21, 1993.

Susan H. Mello, St. Louis, MO, for plaintiff.

Walter W. Timm, Harry W. Wellford, Jr., Attorney, David F. Yates, Thompson and Mitchell, St. Louis, MO, for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendant's motion for summary judgment on Count II, the sole remaining count in this action. In that count, plaintiff David Wasielewski claims that defendant Kirberg Roofing Inc. did not timely furnish information about its profit sharing plan in response to his attorney's written request as required by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (ERISA). Wasielewski seeks a $100 per day penalty under 29 U.S.C. § 1132(c) for the period commencing May 3, 1992, and attorneys' fees under 29 U.S.C. § 1132(g).

For his written ERISA request, Wasielewski initially relied solely on a letter of April 3, 1992, from his attorney to Kirberg's attorneys notifying them that Wasielewski would bring suit against Kirberg for wrongful discharge. The letter states that the attorney "would ask to receive ... a summary plan and full description of all benefits that were available or due him as covered by ERISA." Wasielewski's response to the motion now maintains that several other letters and requests for document production constitute additional written requests for ERISA information. Even his amended Count II, however, relies exclusively on the letter of April 3, 1992, only referring to other correspondence as "reminders" and "requests for missing items."

Kirberg maintains that Wasielewski has received all the information due him under ERISA. Wasielewski initially agreed, stating in his second count that on October 27, 1992, Kirberg provided all the necessary information. The most recent complaint asserts, however, that some unspecified portion has not been provided.

As support for Kirberg's position, it states that during this litigation it has provided Wasielewski with the following relevant information: On or about June 1, 1992, Kirberg mailed Wasielewski a Kirberg Roofing, Inc. Profit Sharing Plan and Trust Participant Consent to Distribution, showing his vested balance, and an Employee Account Statement for Plan Year Ended March 31, 1992, providing the information necessary to calculate his vested balance. On October 27, 1992, Wasielewski's attorney was provided a copy of Kirberg's summary plan description. On January 11, 1993, Wasielewski's attorney received a copy of the Defined Contribution Uniform Plan and Trust Agreement, Defined Contribution Uniform Plan Adoption Agreement Profit Sharing Plan Formula, Form 5500 C/R (Annual Report) for year ending March 31, 1992, and the collective bargaining agreement. On February 23, 1993, Wasielewski received forms 5500 C/R (Annual Reports) for years ending March 31, 1989, 1990 and 1991, balance sheets and financial statements for Profit Sharing Plan as of March 31, 1989, 1990, 1991 and 1992, Discretionary Investment Advisory Agreement and Investment Advisory Agreement between Kirberg's Profit Sharing Plan and Sterling Capital Management, Inc., dated January 1, 1990, and April 1, 1988, respectively, and I.R.S. Determination Letter dated November 16, 1989.

Kirberg also maintains that even earlier, on July 6, 1989, it provided Wasielewski with a copy of the summary plan description and that during his employment Wasielewski received annual account statements.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Upon written request, "[t]he administrator shall ... furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement,

trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). A plan participant may also make written request for a statement indicating "(1) the total benefits accrued, and (2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable." 29 U.S.C. § 1025(a). If the administrator fails or refuses to comply with either request within thirty days after such request, the Court in its discretion may award a penalty of up to $100 a day from the date of such failure or refusal. 29 U.S.C. § 1132(c)(1). The award of attorney's fees is also within the Court's discretion. 29 U.S.C. § 1132(g).

■ Even assuming that Wasielewski made a proper request, he has presented no evidence to suggest that the Court should exercise its discretion in this instance. Wasielewski's complaint and response to the motion for summary judgment rely on the sheer untimeliness of Kirberg's production of ERISA information to support the requested penalty. Untimeliness alone, however, does not warrant such a result. The statute authorizes but does not require a penalty in every instance when ERISA information is not provided within thirty days of the request.

There exists no indication that Kirberg acted in bad faith or intentionally delayed the production of such information. Wasielewski's request was not directed to the plan administrator but rather was imbedded in a letter directed to Kirberg's attorney threatening litigation as a result of Wasielewski's discharge.

■ Nor has Wasielewski shown any prejudice.[1] He has not missed any appeal or filing dates as a consequence and the Court is not persuaded that Wasielewski's attorney's fees constitute prejudice. Attorney's fees will necessarily accompany any civil suit and thus, without more, will not support an award of a penalty or attorney's fees. Moreover, in this matter, Wasielewski's fees were initially attributable to his pursuit of the wrongful discharge claim.

Wasielewski neither challenges that he received the summary plan description on October 27, 1992, and an Employee Account Statement in early June of 1992, nor that he received the other items set forth by Kirberg. Rather, Wasielewski contends that other documents provided on October 27, 1992, were not copied properly and that Kirberg has not provided some documents, although his response never specifies which documents are missing.

Wasielewski has failed to present affirmative evidence to support award of a penalty or attorney's fees. The Court will grant summary judgment for Kirberg.

Also before the Court is Wasielewski's motion to reconsider the Court's order dismissing his wrongful discharge claim. Wasielewski relies on a March 1, 1993, decision from the Missouri Court of Appeals in support of his motion. In that case, the trial court had granted summary judgment for defendant on plaintiff's wrongful discharge claim. The Missouri Court of Appeals reversed the grant of summary judgment because plaintiff, a nurse, risked discipline and prosecution by the State Board of Nursing for the conduct she alleged caused her termination. *Kirk v. Mercy Hosp. Tri–County*, 851 S.W.2d 617 (Mo.Ct.App.1993). Wasielewski contends he was discharged because he reported marijuana usage on the part of other roofers working for Kirberg. Unlike the plaintiff in *Kirk*, Wasielewski's action was not necessary to avoid the risk of discipline or prosecution by the state or any state board. Thus, the Missouri Court of Appeals' most recent decision on this issue does not alter this Court's prior reasoning.

### ORDER AND JUDGMENT

Pursuant to the memorandum filed on this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant's motion for summary judgment is granted.

In view of the Court's decision to grant summary judgment,

---

1. The Court need not resolve whether prejudice is a prerequisite to an award under 29 U.S.C. § 1132(c)(1) because it is certainly a factor for the Court to consider.

**1306**

IT IS FURTHER ORDERED that plaintiff's motion to consolidate is denied.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of the Court's February 26, 1993, order of dismissal is denied.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider the Court's order denying plaintiff's motion for a stay is denied.

IT IS FURTHER ORDERED that all other pending motions are denied as moot.