**Anthony HARPER and Debbie Harper, Plaintiffs,**

v.

**Wallace E. STICKNEY, Director, FEMA, Defendant.**

**No. 4:92CV02147 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

Nov. 18, 1994.

Don Nangle, St. Louis, MO, for plaintiffs.

Joseph B. Moore, Office of U.S. Atty., St. Louis, MO, Cynthia S. Mazur, Federal Emergency Management Agency, Washington, DC, for defendant.

### MEMORANDUM

GEORGE F. GUNN, Jr., District Judge.

This matter is before the Court on defendant Wallace E. Stickney's motion for summary judgment and plaintiffs Anthony and Debbie Harper's opposition thereto.

In his motion for summary judgment, defendant contends that plaintiffs failed to verify their loss as required by the National Flood Insurance Program pursuant to the Standard Flood Insurance Policy (SFIP) terms and failed to establish a direct physical loss with respect to the building claim. At the outset the Court notes that plaintiffs in their opposition to the motion for summary judgment abandon their claim for recovery of the building contents. Accordingly, the only matter before the Court is the claim for the building in the amount of $12,500.00.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Sec. Sav. v. Kansas Bankers Sur. Co.*, 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns-Manville Sales Corp.*, 787 F.2d 390,

392 (8th Cir.1986). As the Supreme Court stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Upon review of the pleadings, memorandum, and exhibits, the Court finds the following undisputed facts. Plaintiffs Anthony Harper and Debbie Harper, husband and wife, brought this action seeking to recover on the building and the building contents portions of claims made under the flood insurance policy number FL2–0320–4313–I issued by the National Flood Insurance Program (NFIP) of the Federal Emergency Management Agency (FEMA). The policy period covered the time from August 24, 1991 through August 24, 1992 with the coverage limits of $34,000.00 for the building and $13,400.00 for the contents with a $500.00 deductible for each.

On April 30, 1992, plaintiffs reported a flood loss at the insured address. NFIP retained Crawford and Company to inspect the property and to draft a preliminary report and to photograph the damages. After inspecting the premises, Ronald Allen, a general adjuster, filed the preliminary report on May 22, 1992. In a letter dated June 8, 1992, NFIP instructed plaintiffs to file a formal proof of loss within sixty days of the loss date and cited the date of June 30, 1992 as the deadline for filing the proof of loss for the April 30, 1992 flood loss. The letter also warned them that failure to file within the sixty day period would result in coverage being denied.

On June 14, 1992, Allen sent plaintiffs a copy of the worksheets for the building and contents loss and a blank proof of loss form. Allen also advised the Harpers that documentation would be necessary to verify that the building repairs had been made from the two prior flood losses.

On June 30, 1992, NFIP received a proof of loss from Mr. Harper in the amount of $19,400.97 without any documentation in support as requested. Moreover, Mrs. Harper did not sign the proof of loss and Mr. Harper's signature was not notarized.

On July 1, 1992, NFIP rejected the proof of loss because of plaintiffs' failure to document their loss but NFIP made a $2,800.00 partial payment in reliance on Mr. Harper's assurances that documentation to substantiate the loss was forthcoming as explained in a letter dated July 10, 1992. In a notarized letter dated August 6, 1992 faxed to NFIP, Mr. Harper claimed that all documentation necessary to verify losses was destroyed in the flood.

In a letter dated August 11, 1992, NFIP denied plaintiffs' building claim citing Article III of the NFIP policy which specifically excludes coverage for losses not caused directly by a flood. NFIP advised plaintiffs in a letter dated August 19, 1992 that their contents claim over and above the $2,800.00 payment was denied due to their failure to properly document their loss.

■ The standard flood insurance policy is a single-risk insurance policy providing coverage for direct physical loss by or from flood. A direct physical loss is defined as any loss that is "directly and proximately caused by a 'flood'." 44 CFR Pt. 61, App. A(1) Article II. The policy expressly excludes coverage for losses from other causes such as "land sinkage, land subsidence ... or movement of land resulting from the accumulation of water in subsurface land areas." *Id.* at Art. III(A)(1). Damage to a building foundation is covered only if directly caused by flood waters on the date of the loss. *See Wagner v. Director, Federal Emergency Management Agency,* 847 F.2d 515, 522 (9th Cir.1988) ("[a]s the courts have all but universally held, federal flood insurance policies do not cover losses stemming from water-caused earth movements"); *Sodowski v. National Flood Ins. Program,* 834 F.2d 653, 657–59 (7th Cir.1987), *cert. denied,* 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 619 (1988) (the standard flood insurance policy does not provide coverage for losses caused by earth movement even if such movement is caused by flooding); *West v. Harris,* 573 F.2d 873, 877 (5th Cir.1978), *cert. denied,* 440 U.S. 946, 99 S.Ct. 1424, 59 L.Ed.2d 635 (1979) (policy does not cover loss by earth movement in the form of soil settlement regardless of whether this settlement has been in the process over a period of time or whether it occurred immediately after the flood). *But see Quesada v. Director, Federal Emergency Management Agency,* 753 F.2d 1011, 1013–14 (11th Cir.1985) (damage covered when caused by settlement and compaction of sand fill under the home where settlement resulted from saturation of the fill by water from a tropical storm).

■ Although the Eighth Circuit Court of Appeals has not had the opportunity to rule on this specific question, the Court finds the analysis of the Ninth, Seventh and Fifth Circuit Court of Appeals on this precise issue persuasive. Even if the damage to plaintiffs' foundation occurred after the flood due to the soil movement, such damage is excluded from coverage under SFIP. Moreover, the report reflects that the damage to plaintiffs' property was a result of settlement due to inadequate construction on poor soil type, not flooding. Accordingly, the Court will grant defendant's motion for summary judgment.