IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's expert witness designation is denied as moot.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of plaintiff and intervenors and against defendant on plaintiff's declaratory judgment action and that the Court declares the following consistent with the attached memorandum:

1. During the period April 13, 1985 through April 13, 1986, the limits of directors' and officers' liability coverage provided to Community Federal Savings and Loan Association, St. Louis, Missouri, by defendant American Casualty Company of Reading, Pennsylvania, under Policy No. 00041 DA01 was $10 million each loss, $10 million aggregate limit of liability each policy year for each director and officer for the reasons stated in the attached memorandum filed herein on this date.

2. On April 11, 1986, Community Federal Savings and Loan Association, St. Louis, Missouri, for itself and on behalf of its directors and officers, provided defendant American Casualty Company of Reading, Pennsylvania, with written notice of claims. The said notice was received by defendant on April 11, 1986, and attached to coverage available to Community Federal as of that date.

3. The April 11, 1986 notice constituted legally sufficient notice of claims later asserted by the Resolution Trust Corporation in Cause No. 4:93CV2613 JCH, currently pending in the United States District Court for the Eastern Division of the Eastern District of Missouri.

## UNION CENTER REDEVELOPMENT CORP., Plaintiff,

v.

## NATIONAL RAILROAD PASSENGER CORP., et al., Defendants.

### No. 4:93CV02467 GFG.

United States District Court,
E.D. Missouri,
Eastern Division.

Feb. 3, 1995.

Carwood K. Bebout, Gallop and Johnson, St. Louis, MO and David T. Hamilton, Saale and Bailey, St. Peters, MO, for plaintiff.

Donald U. Beimdiek, Steven A. Katz, Armstrong and Teasdale; Anthony J. Sestric, Sr., Sestric and Garvey; and Eugene J. Hanses, St. Louis City Counselor Office, St. Louis, MO, for defendants.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendant National Railroad Passenger Corporation's (Amtrak) motion for judgment on the pleadings or in the alternative for summary judgment.

Plaintiff Union Center Development Corporation (Union) is an urban redevelopment corporation organized under Chapter 353, Mo.Rev.Stat. (1986) with the power of eminent domain under § 353.130(3). Section 353.130(3) provides in relevant part that "[p]roperty already devoted to public use may be acquired in like manner, provided that no real property belonging to any city, county, or the state, or any political subdivision thereof may be acquired without its consent."

Amtrak was established pursuant to an Act of Congress, 45 U.S.C. § 541 et seq., "to provide intercity and commuter rail passenger service." Amtrak is empowered to condemn property required for intercity rail passenger service under 45 U.S.C. § 545(d).

Union filed this action in state court against Amtrak seeking, pursuant to its power of eminent domain, to condemn portions of property located in St. Louis and owned by Amtrak. Amtrak removed this action to this Court and thereafter the Court denied Union's motion to remand finding federal jurisdiction exists under 28 U.S.C. § 1349.

Amtrak condemned and acquired ownership of the property at issue through a notice of condemnation and two judgments dated September 2 and 15, 1980 pursuant to its federal condemnation authority. In the judgments, the stated use for which the property was taken was for use as a station for intercity rail passenger service. Amtrak acquired the property with a long-term plan to construct permanent structures and passenger train facilities on the property. Although Amtrak professes an intention still to construct station improvements and other parking facilities on the property, to date Amtrak has not broken ground for the proposed station or, for that matter, secured the funding for the project. As an interim public use of the three parcels of property, Amtrak has leased part of the property to the United States Post Office and to St. Louis Station Partners for a parking lot and uses part of the property as a turn-around track for its trains. Amtrak does not consent to Union's condemnation of its property.

Amtrak raised three grounds in support of its motion. First, Amtrak contends that Union has no standing or any legal basis to collaterally attack the judgments entered in September of 1980. In the alternative, Amtrak argues that Union is in privity with St. Louis Station Associates, an owner of a portion of the property Amtrak previously condemned and is therefore barred by the doctrines of res judicata and collateral estoppel from relitigating the earlier judgments. Amtrak further contends that 45 U.S.C. § 545(d) preempts state laws that conflict with Amtrak's federal right of condemnation by permitting an entity such as Union to condemn Amtrak property.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material

fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Sec. Sav. v. Kansas Bankers Sur. Co.*, 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart*, 813 F.2d 874, 876 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ Union has failed to show that there is no possibility in the future for Amtrak to use the property for a public use such as an intercity rail passenger station as required by *St. Louis, Hannibal & Kansas City Railway v. Hannibal Union Depot Company*, 125 Mo. 82, 28 S.W. 483 (1894). The Missouri Supreme Court held that property devoted to a public use cannot "lawfully be taken and applied to another inconsistent public use, under the right of eminent domain." *Id.* at 91, 28 S.W. 483. The Court further concluded that property is held as a public use unless there no reasonable probability that the property will ever be used for its intended public purpose. *Id.* at 93, 28 S.W. 483. The Court also recognized the right of the railroad "to make provision for the probable necessities of the future and make its plans with reference to such needs." *Id.; State of Missouri ex rel. Missouri Cities Water Co. v. Hodge*, 878 S.W.2d 819 (Mo. banc 1994). The Missouri Supreme Court specifically held that:

> "property already devoted to a public use cannot be taken for another public use

which will totally destroy or materially impair or interfere with the former use, unless the intention of the legislature that it should be so taken has been manifested in express terms or by necessary implication, mere general authority to exercise the power of eminent domain being in each case insufficient; ...."

*Id.* at 821 (quoting *State ex rel. State Highway Comm'n v. Hoester*, 362 S.W.2d 519, 522 (Mo. banc 1962)).

In the affidavit of Edward M. Jenkins, the project director of real estate development for Amtrak, affiant avers that it is premature for Amtrak to release any portion of its property until the site is selected for the proposed Multi–Modal Transportation Center. This center would include facilities for accommodating Amtrak's intercity rail passenger service. There are presently eight sites under consideration for the St. Louis Gateway Transportation Center with the Jefferson site the recommended site by Sverdrup Civil, Inc. as of October 1994.

The Court finds on the record that Amtrak originally acquired the property to provide intercity rail passenger service in 1980. Amtrak intends to pursue the long-term plan involving all the property in question. The Court therefore concludes that Amtrak is currently devoting the property to an existing public use with the intention of a long-term development for intercity passenger service.

Inasmuch as the Court has concluded that Amtrak has met its burden of establishing a prior existing public use, the Court will not address Amtrak's res judicata and preemption arguments.

### *ORDER AND JUDGMENT*

Pursuant to the memorandum filed on this date and incorporated herein,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant National Railroad Passenger Corporation's (Amtrak) motion for judgment on the plead-

ings or in the alternative for summary judgment shall be and it is granted.