Jack L. BAINES, Appellant,

v.

A. D. BLENDERMAN and St. Joseph Mercy Hospital of Dubuque, Appellees.

No. 2–56397.

Supreme Court of Iowa.

Nov. 13, 1974.

John R. Sandre, of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

John W. Gleysteen, of Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, for appellee A. D. Blenderman.

Charles R. Wolle, of Shull, Marshall & Marks, Sioux City, for appellee St. Joseph Mercy Hospital.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

This appeal involves application of the "discovery rule" to a statute of limitations issue in a medical malpractice case. Trial court granted summary judgment to defendants on the ground their statute of limitations defenses were established as a matter of law. We reverse and remand.

The question presented is whether it can be said as a matter of law plaintiff's cause of action accrued more than two years before it was brought.

Plaintiff Jack L. Baines commenced this action against defendants A. D. Blenderman and St. Joseph Mercy Hospital of Dubuque on May 23, 1972. Defendant Blenderman is a physician who performed surgery on plaintiff March 30, 1970, in defendant hospital, to repair a herniated disc. Plaintiff alleged he lost the vision in his right eye as a result of that back surgery, and, relying on the doctrine of res ipsa loquitur, asserted the injury was proximately caused by the negligence of defendants, and asked damages. Each defendant, in addition to denial of plaintiff's allegations of liability, raised the bar of the two-year limitation of § 614.1(2), The Code.

Subsequently defendants separately moved for summary judgment, alleging the statute of limitations defense was established as a matter of law. The motions were supported by reference to the dates pleaded in the petition and by deposition testimony of plaintiff. Plaintiff's resistance to the motions invoked the discovery rule and was supported by his affidavit and his deposition testimony. Plaintiff alleged he was excusably unaware of his cause of action until July 15, 1970. He argues that since the action was brought within two years of that date it was timely.

In his deposition plaintiff testified that when he awakened from surgery on March 30, 1970, he could not see out of his right eye. He reported that fact to his physicians, Dr. Brown and Dr. Blenderman, and the head nurse. He said Dr. Brown assured him "it would come around," and told him, "Sometimes things like this happen." The record does not disclose any response by

either Dr. Blenderman or the hospital. Dr. Brown arranged for two other doctors to examine plaintiff's eye. One was a Dr. Kirkegaard, apparently an eye specialist, who examined plaintiff about a week after the surgery.

The loss of vision persisted. Plaintiff said he asked Dr. Brown on two or three occasions what was wrong with the eye and was given the same response each time. He testified he saw Dr. Brown on May 15, 1970, a month after his release from the hospital, and the doctor told him the eye would be better in three or four months. Plaintiff said it was not until he went to Dr. Kirkegaard on July 15, 1970, that he was told his vision loss could have been caused by the blood supply being cut off to his eye for two or three minutes during surgery, and the loss of sight was permanent.

Trial court sustained defendants' motions for summary judgment. In challenging this ruling, plaintiff contends his resistance to the motions demonstrated a genuine issue of fact as to the statute of limitations defenses in light of the discovery rule. We agree.

In material part, § 614.1, The Code, provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

1. * * *

2. * * * Those founded on injuries to the person * * *, whether based on contract or tort, * * * within two years."

■ We adopted the discovery rule in Chrischilles v. Griswold, 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967). In that case we approved a statement of the rule from Johnson v. Caldwell, 371 Mich. 368, 379, 123 N.W.2d 785, 791 (1963), a medical malpractice case: "The limitation statute or statutes in malpractice cases do not start to run until the date of discovery, or the date

when, by the exercise of reasonable care, plaintiff should have discovered the wrongful act." The cause does not "accrue" until it is or should have been discovered.

■■ In sustaining defendants' motions for summary judgment, trial court held defendants established their statute of limitations defenses as a matter of law. The burden was upon defendants to show absence of any genuine issue of material fact. In ruling on the motion, trial court was required to view the record in the light most favorable to plaintiff. Daboll v. Hoden, 222 N.W.2d 727, 731 (Iowa 1974).

In *Daboll* we defined the scope of review as follows:

"Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. Accordingly, this court must reverse the grant of a summary judgment if it appears from the record that there is an unresolved issue of material fact." 222 N.W.2d at 734.

The effect of trial court's ruling was a holding as a matter of law that plaintiff knew or reasonably should have known of his cause of action against defendants before May 23, 1970. Defendants maintain this is established by the fact plaintiff knew before then he had an injury and knew it was caused during surgery.

■ Defendants equate perception of physical harm with imputed knowledge of its origin in malpractice. That is not the meaning of the discovery rule. Knowledge of an injury may or may not be sufficient to alert a reasonably diligent person to the basis of his claim, depending on the circumstances of the case.

■ In Jones v. Rogers Memorial Hospital, 442 F.2d 773, 774–775 (D.C.App.1971), the court said:

"Under the discovery rule the statute of limitations does not begin to run in malpractice cases until the injured party knew, or through the exercise of reasona-

ble diligence should have known, of the facts giving rise to his claim.

\* \* \* \* \* \*

"The fact that he feels pain is not decisive since this is to be expected. He relies on those providing medical care, and it is only when he is acquainted with the problem that in fact exists, by them or by untoward developments that alert any diligent patient, that his cause of action accrues. Doctors and hospitals are entitled to repose but this is qualified by the consideration of elementary fairness crystallized in the discovery rule."

This rule had its genesis in the theory a statute of limitations should not defeat the remedy of one who has not slept on his rights but has simply been excusably unaware of his cause of action. Flynn v. Lucas County Memorial Hospital, 203 N.W.2d 613, 616 (Iowa 1973).

■ The statute does not begin to run until the injured person knows or can be charged with knowledge of the existence of his cause of action. Portis v. United States, 483 F.2d 670 (4 Cir. 1973); Jones v. Rogers Memorial Hospital, supra; Leech v. Bralliar, 275 F.Supp. 897, 902 (D.Ariz.1967) ("The statute of limitations in an action for malpractice does not begin to run until the plaintiff has discovered the fact that the defendant doctor has committed malpractice."); Owens v. Brockner, 172 Colo. 525, 532, 474 P.2d 603, 607 (1970) ("the cause of action 'accrues' when the patient discovers or, in the exercise of reasonable diligence, should have discovered the doctor's negligence"); Yoshizaki v. Hilo Hospital, 50 Haw. 150, 154, 433 P.2d 220, 223 (1967) ("the statute does not begin to run until the plaintiff knew or should have known of the defendant's negligence"); Johnson v. Gorton, 94 Idaho 595, 495 P.2d 1 (1972); Lipsey v. Michael Reese Hospital, 46 Ill.2d 32, 262 N.E.2d 450 (1970); Johnson v. Caldwell, supra; Spath v. Morrow, 174 Neb. 38, 115 N.W.2d 581 (1962); Lopez v. Swyer, 115 N.J.Super. 237, 245, 279 A.2d 116, 121 (1971) ("it is not enough that a plaintiff

knows of the injury for which claim is made as a residual of the purported offensive treatment, but he must know or have reason to know that such treatment was *negligently* administered"); Iverson v. Lancaster, 158 N.W.2d 507 (N.D.1968); Frohs v. Greene, 253 Or. 1, 452 P.2d 564 (1969); Wilkinson v. Harrington, 104 R.I. 224, 243 A.2d 745 (1968); Janisch v. Mullins, 1 Wash.App. 393, 461 P.2d 895 (1969).

However, in order for the bar of the statute of limitations to be applicable, it is not necessary to prove the plaintiff knew the specific negligence of the defendant nor that he knew the details of the evidence by which to prove the cause of action. It is enough that he knew or may be reasonably charged with knowledge of sufficient facts to be aware he had a cause of action more than two years before it was brought. See Schnebly v. Baker, 217 N.W.2d 708, 723 (Iowa 1974) ("they knew the basic operative facts and could make the most of them"); Greuner v. City of Cedar Falls, 189 N.W.2d 577, 581 (Iowa 1971) ("That plaintiff may have been unaware of the details of the evidence to support her claim does not change the result.").

In the present case plaintiff knew on March 30, 1970, that he could not see with his right eye. He also knew the condition must have been caused by something which occurred during surgery. He testified he asked his treating physician, Dr. Brown, what was wrong and was assured the condition was just a temporary postoperative side effect. Under his version of the events plaintiff had no reasonable means of knowing the doctor's advice was not correct.

■ He had a right to rely on it. A physician owes his patient a fiduciary duty. Mutual confidence is essential to proper care of the patient. Grosjean v. Spencer, 258 Iowa 685, 693, 140 N.W.2d 139, 143 (1966). A rule which would invariably charge a patient with knowledge of malpractice at the time the injury was first perceived would "punish the patient who relies upon his doctor's advice and [place] a

premium on skepticism and distrust." Johnson v. Caldwell, supra, 371 Mich. 368, 123 N.W.2d at 791; see Spath v. Morrow, supra. As observed by the Rhode Island court in Wilkinson v. Harrington, supra, 104 R.I. 224, 243 A.2d at 753:

"To require a man to seek a remedy before he knows of his rights, is palpably unjust. Under such circumstances, in order for a patient to secure and protect his legal rights against doctors for malpractice, the patient would be required to submit himself to complete examinations by a series of independent physicians after every operation or treatment he received from the physician of his first choice. The unreasonableness of such a result is self-evident."

■ Defendants argue plaintiff cannot rely on assurances from Dr. Brown in seeking to avoid their statute of limitations defenses. However, the source of the assurances is not determinative. The issue is what plaintiff actually knew or in the exercise of reasonable diligence should have known. The fact he received the alleged assurances from Dr. Brown and not defendants, although a factor to be considered on the issue of reasonable diligence, does not necessarily mean plaintiff should have known sooner than he did of defendants' alleged malpractice.

Plaintiff had just undergone the trauma of major back surgery. A reasonable person in his position would expect to experience considerable postoperative pain and discomfort. In that context, when plaintiff first perceived an unexpected postoperative condition, it is neither unusual nor unwarranted that he would rely on those to whom he had entrusted his life. In this relationship he says he informed those in charge of his care and treatment of the loss of vision, and the only person who responded to his report assured him the condition was an unusual but temporary postoperative side effect. Under this record the fact plaintiff knew he had an injury which occurred during surgery is insufficient to charge him with knowledge it was caused by defendants' malpractice.

Other jurisdictions have taken the same position in analogous facts. See, e. g., Jones v. Rogers Memorial Hospital, Johnson v. Caldwell, Lopez v. Swyer, and Janisch v. Mullins, all supra.

The fact plaintiff relied on assurances from Dr. Brown, if true, tends to prove the reasonableness of his subsquent diligence to ascertain the existence of his cause of action. Toman v. Creighton Memorial St. Josephs Hosp., Inc., 191 Neb. 751, 217 N.W.2d 484 (1974); Frohs v. Greene, supra.

■ We hold there is a genuine issue of material fact as to whether plaintiff discovered or, in the exercise of reasonable care, should have discovered more than two years before this action was brought that his injury was caused by negligence of these defendants. The trier of fact could find he was excusably unaware of his cause of action until July 15, 1970, the date he contends he first learned the cause and true nature of his injury.

Defendants' reliance on Flynn v. Lucas County Memorial Hospital, supra, is misplaced. There we held the discovery rule inapplicable because the record showed sufficient facts to charge plaintiff in that case with knowledge as a matter of law of the existence of his cause of action at the time the injury occurred. The case is factually distinguishable. Compare Portis v. United States, supra, with Ashley v. United States, 413 F.2d 490 (9 Cir. 1969).

■ Upon remand, it will be for the trier of fact to say whether defendants have established their statute of limitations defenses. They are affirmative defenses which defendants must prove by a preponderance of the evidence. In re Estate of Plumb, 256 Iowa 938, 129 N.W.2d 630 (1964); see Jones v. Rogers Memorial Hospital, supra.

Trial court erred in sustaining defendants' motions for summary judgment.

Reversed and remanded.