**Eligius FRANZEN and Hannah Franzen, Appellants,**

v.

**DEERE AND COMPANY, Appellee.**

**No. 85–277.**

Supreme Court of Iowa.

Dec. 18, 1985.

---

J.D. Villont of Donohue Law Office, P.C., West Union, for appellants.

David L. Riley of Lindeman & Yagla, Waterloo, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

This is an appeal by plaintiffs Eligius Franzen and Hannah Franzen from summary judgment entered for defendant Deere and Company on statute of limitations grounds. In a previous appeal, we reversed a judgment dismissing the case and remanded to permit plaintiffs to attempt to establish a discovery-rule exception to the governing two-year statute of limitations in Iowa Code section 614.1(2) (1979). *See Franzen v. Deere and Company*, 334 N.W.2d 730, 732 (Iowa 1983). Because we find the summary judgment record shows no genuine issue of fact supporting application of the discovery rule, we now affirm the summary judgment.

This farm accident products liability action was filed March 10, 1982, based on an injury that occurred June 25, 1979. Eligius Franzen was injured while working inside a forage wagon manufactured by defendant when his arm was caught in a revolving beater mechanism. Eligius seeks damages for his injuries and his wife Hannah asks recovery for loss of consortium. The only theory of recovery now involved is strict liability in tort. Plaintiffs alleged three defects in the wagon, asserting the cross conveyor did not operate separately from the beater bars and sweep auger, the wagon's design permitted access to the forage box from the rear, and warnings were inadequate.

The summary judgment record contains affidavits, deposition testimony and exhibits. Plaintiffs contend the record leaves a genuine issue of fact on the applicability of the discovery rule in bar of defendant's statute of limitations defense. Defendant contends the defense is established as a matter of law. Rules governing summary judgment are summarized in *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984).

The outcome here is controlled by interpreting the discovery rule in relation to the evidence in the summary judgment record. We view the evidence in its light most favorable to plaintiffs as the parties resisting summary judgment.

No doubt exists that plaintiffs knew from the date of injury that the cause of injury was sudden movement of an apron on the floor of the forage wagon which carried Eligius into the beaters. Eligius

thought the apron had been immobilized. Shortly after the injury Eligius made a claim against the farmer who owned the wagon, and that claim was eventually settled.

In January 1981 Eligius saw a lawyer about making a will. The subject of a possible claim against defendant based on products liability came up in a discussion on that occasion. Eligius was reluctant to pursue a claim against defendant, however, because he had once worked for the company. The lawyer was retained to help with the claim against the owner of the wagon and conducted some investigation into a possible products liability claim. Plaintiffs first gave the lawyer authority to pursue a claim against defendant in early 1982, and the present action was started in March of that year, two years and eight months after the accident.

Plaintiffs contend they did not discover their cause of action until January 1981 when their lawyer first mentioned the possibility of a products liability claim. Defendant contends they are charged with knowledge of their cause of action at the time the accident occurred. Plaintiffs argue that a genuine issue of fact exists concerning when in the exercise of due diligence they should have discovered their cause of action.

Under the discovery rule, the statute of limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act. *Chrischilles v. Griswold*, 260 Iowa 453, 462, 150 N.W.2d 94, 100 (1967). "The question in any case is not, What did the plaintiff know of the injury done him? but, What might he have known, by the means of information within his reach, with the vigilance which the law requires of him?" *Id.* The rule is based on the theory that a statute of limitations should not bar the remedy of a person who has been excusably unaware of the existence of the cause of action. *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 616 (Iowa 1973).

This means that the statute of limitations does not begin to run until the injured person has actual or imputed knowledge of all the elements of the action. *See Sahlie v. Johns-Manville Sales Corp.*, 99 Wash.2d 550, 554, 663 P.2d 473, 475 (1983). It is sufficient that the facts would support a cause of action. It is not necessary that the person know they are actionable. Knowledge of the facts and knowledge they are actionable are distinct and unrelated issues for purposes of the discovery rule. *See Burd v. New Jersey Telephone Company*, 76 N.J. 284, 291–92, 386 A.2d 1310, 1314 (1978) ("There is no suggestion in any of the leading cases in this area that accrual of the cause of action is postponed until plaintiff learns or should learn the state of the law positing a right of recovery upon the facts already known to or reasonably knowable by the plaintiff.").

In addition, the person is charged with knowing on the date of the accident what a reasonable investigation would have disclosed. The period of limitations is the outer time limit for making the investigation and bringing the action. The period begins at the time the person is on inquiry notice:

> [L]imitations begin to run when a claimant gains knowledge sufficient to put [the claimant] on inquiry. As of that date, [the claimant] is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation. The beginning of limitations is not postponed until the end of an additional period deemed reasonable for making the investigation.

*Lutheran Hospital v. Levy*, 60 Md.App. 227, 237, 482 A.2d 23, 27 (1984).

Moreover, the duty to investigate does not depend on exact knowledge of the nature of the problem that caused the injury. It is sufficient that the person be aware that a problem existed. One purpose of inquiry is to ascertain its exact nature. Thus in *Friends University v. W.R. Grace & Co.*, 227 Kan. 559, 608 P.2d 936 (1980), the court held summary judg-

ment was correctly entered against the university which knew in 1970 or 1971 that its roof leaked but did not learn the exact cause of the leakage until it obtained expert advice in 1975. The court said:

> The fact Friends had not determined the exact scientific cause of the leaking did not toll the running of the statute. Fully cognizant that a severe problem existed, Friends elected to seek nonjudicial resolution of the controversy. Simply stated, Friends lost its right to a judicial determination of the dispute by its own delay and inactivity.

*Id.* at 563, 608 P.2d at 940. *See also Roe v. Diefendorf,* 236 Kan. 218, 689 P.2d 855 (1984); *Daugherty v. Farmers Cooperative Association,* 689 P.2d 947 (Okla.1984).

In a products liability suit based on the tort of strict liability the essential elements of the cause of action are:

> (1) manufacture of a product by defendant; (2) the product was in a defective condition; (3) the defective condition was unreasonably dangerous to the user or consumer when used in a reasonably forseeable use; (4) the manufacturer was engaged in the business of manufacturing such a product; (5) said product was expected to and did reach the user or consumer without substantial change in condition, *i.e.,* the defect existed at the time of the sale; (6) said defect was the proximate cause of personal injuries or property damage suffered by the user or consumer; (7) damages suffered by the user or consumer.

*Osborn v. Massey-Ferguson, Inc.,* 290 N.W.2d 893, 901 (Iowa 1980). Here the only controversy concerns whether plaintiffs knew or should be charged with knowing more than two years before they brought this action that the forage wagon had the defects they now allege.

■ Plaintiffs knew the instrumentality that caused the injury at the time it occurred. They knew the injury was caused when Eligius became entangled in the beaters of the forage wagon. The information they possessed on the date of the accident was plainly sufficient to put them on inquiry notice concerning possible defects in the wagon. They did not investigate at that time. When they later investigated, they found the alleged defects they now rely on. They are not aided by the fact they postponed their investigation until their discussion with a lawyer in January 1981. The lawyer's suggestion that they might have an actionable claim did not diminish their prior duty to investigate the facts when they were on inquiry notice. *See Sedlak v. Ford Motor Company,* 64 Mich.App. 61, 63, 235 N.W.2d 63, 64 (1975).

Cases relied on by plaintiffs for a different result are easily distinguished. For example, in *Baines v. Blenderman,* 223 N.W.2d 199 (Iowa 1974), an issue of fact existed concerning the plaintiff's diligence in investigating his loss of vision after back surgery in view of evidence he had been assured by his physician that the condition was a normal and temporary side effect of the surgery. A trier of fact could find he had no reasonable means of knowing the doctor's advice was wrong. *Id.* at 202.

Two additional cases relied on by plaintiffs are analogous to *Baines.* In *Dawson v. Eli Lilly and Co.,* 543 F.Supp. 1330 (D.D.C.1982), and *Anthony v. Abbott Laboratories,* 490 A.2d 43 (R.I.1985), the courts found questions of fact on the issue of the plaintiffs' due diligence in discovering the wrongdoing of drug manufacturers. They reasoned that a layperson ordinarily may assume until informed otherwise that adverse consequences from drugs administered as medical treatment are unavoidable or accepted risks.

In *King v. Seitzingers, Inc.,* 160 Ga.App. 318, 287 S.E.2d 252 (1981), the court held that due diligence by the plaintiff might be found despite his failure to discover a connection between his lead poisoning and the inhalation of fumes in a battery plant. Similar uncertainty concerning causation has been recognized in asbestosis cases. *See Sahlie v. Johns-Manville Sales Corp.,* 99 Wash.2d 550, 663 P.2d 473 (1983). Uncertainty concerning the identity of the manufacturer of a scaffold was involved in

*Martin v. Patent Scaffolding,* 37 Wash. App. 37, 678 P.2d 362 (1984).

In the present case plaintiffs knew on the date of the accident all of the facts they needed to know to be charged with a duty to investigate to determine the existence of a cause of action against defendant. Therefore the action accrued on that date, and the two-year statute of limitations expired before they brought this action.

The trial court was correct in sustaining defendant's motion for summary judgment. We deny defendant's motion to amend their appellate brief to raise for the first time an abuse of process claim against plaintiffs.

AFFIRMED.