George R. DeHAGUE and Eileen D. DeHague, Plaintiffs,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, A Corporation, Anchor Packing Company, A Corporation, Celotex Corporation, Individually and as the successor in interest to Philip Carey Manufacturing Company, Philip Carey Corporation, Briggs Manufacturing Company and Panacon Corporation, A Corporation, Certainteed Corporation, Individually and as the successor in interest to Guston–Bacon Manufacturing Company, A Corporation, John Crane–Houdaille, A Corporation, Garlock, Incorporated, A Corporation, Armstrong World Industries, Incorporated, A Corporation, Flintkote Company, A Corporation, Vapor Corporation, An Illinois Corporation, Defendants.

Civ. No. 85–134–D–1.

United States District Court,
S.D. Iowa,
Davenport Division.

Feb. 2, 1988.

Jeffrey T. Eddy of Motley, Loadholt, Richardson & Poole, Charleston, S.C., John D. Roven of Jones & Granger, Houston, Tex., and Michael Noyes of Stanley, Rehling & Lande, Davenport, Iowa, for plaintiffs.

David R. Sinn and Christopher P. Larson of Heyl, Royster, Voelker & Allen, Peoria, Ill., and Michael D. Huppert of Timmons, Irish, Becker & Ordway, Des Moines, Iowa, for Celotex Corp., Certainteed Corp., Armstrong World Industries, Inc., and Flintkote Co.

Elliott R. McDonald, Jr., and Elliott R. McDonald, III, of McDonald, Stonebraker & Cepican, P.C., Davenport, Iowa, for Vapor Corp.

David B. Mueller of Cassidy & Mueller, Peoria, Ill., and Edward B. Harris of Nagle, Blair & Harris, Davenport, Iowa, for Garlock, Inc.

WOLLE, District Judge.

Plaintiffs George R. and Eileen D. DeHague brought suit against defendant Burlington Northern Railroad Company (Burlington) on June 14, 1985, contending that George DeHague suffered exposure to toxic substances including asbestos and asbestos-containing materials throughout his twenty-two year employment as a Burlington shop worker. They asserted that George's exposure to the toxic materials caused him to sustain pneumoconiosis, as well as other disabling injury. On April 14, 1986, defendant Burlington filed a third-party complaint in which it asserted claims against various asbestos product manufacturers and/or suppliers. Plaintiffs subsequently amended their complaint on June 9, 1986, to assert claims against the third-party defendants. Plaintiffs later amended

that complaint on February 17, 1987, to add an additional defendant.

Defendants Celotex Corp., Certainteed Corp., Garlock Inc., Armstrong World Industries, Inc., Flintkote Co., and Vapor Corp. have moved for summary judgment on statute of limitations grounds. The movants allege that plaintiffs' causes of action accrued on or about September 19, 1983, at which time plaintiff George DeHague either had actual knowledge that he had suffered injury by virtue of his exposure to asbestos products or by the exercise of reasonable diligence should have had that knowledge. All movants but Vapor Corp. assert that the two-year statutory period, see Iowa Code § 614.1(2), had passed by the time they were joined in this action on June 9, 1986. Vapor Corp. contends that that summary judgment in its favor is appropriate because it was not named a party to this suit until February 17, 1987.

A motion for summary judgment is proper only when all the facts viewed in the light most favorable to the party opposing the motion fail to show the existence of a genuine issue of material fact. Fed.R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986).

The statute of limitations begins to run under the discovery rule when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act. Franzen v. Deere & Co., 377 N.W.2d 660, 662 (Iowa 1985).

Plaintiffs have admitted in answering an interrogatory that plaintiff George DeHague was told in September of 1983 that "his chest x-rays exhibited pleural changes which might be the result of his exposure to asbestos." They contend that he could not have known through the exercise of reasonable diligence that he suffered from an asbestos-related disease until he received word from his doctor on October 19, 1984, that he did in fact suffer from an asbestos-related disease. Plaintiffs' position, however, is contrary to Iowa case law: "once a person is aware a problem exists, he has a duty to investigate even though he may not have exact knowledge of the nature of the problem that caused the injury." See Sparks v. Metalcraft, Inc., 408 N.W.2d 347, 352 (Iowa 1987).

Plaintiffs additionally assert that once they filed suit against defendant Burlington on June 14, 1985, the statute of limitations with respect to plaintiffs' claims against the other defendants was tolled pursuant to Iowa Code section 668.8. Plaintiff's reliance on section 668.8 is unfounded. Federal Rule of Civil Procedure 15(c) is applicable here, not state law. See 3 J. Moore, Moore's Federal Practice, section 15.15[2], at 15–146 (1987) ("Making relation back of amendments dependent on the vagaries of state practice, which may be framed on an entirely different theory of pleading, would be disruptive to the entire scheme of pleading."). According to the federal rule, relation back of amendments is allowed if the party to be brought in by amendment has received notice of the institution of the action within the period provided by law for commencing the action.

Applying the discovery rule to the facts in this record, the court finds that plaintiffs' action accrued in September of 1983 and expired prior to the filing of suit against the movants.

IT IS THEREFORE ORDERED that summary judgment be entered against plaintiffs and in favor of defendants Celotex Corp., Certainteed Corp., Garlock, Inc., Armstrong World Industries, Inc., Flintkote Co., and Vapor Corp. Defendants Celotex Corp., Certainteed Corp., Garlock, Inc., Armstrong World Industries, Inc., and Flintkote Co. remain in the case, however, as third-party defendants.