**Maurice VACHON and Kathie Vachon, Appellants,**

v.

**STATE of Iowa, Appellee.**

No. 93–583.

Supreme Court of Iowa.

March 23, 1994.

As Amended April 14, 1994.

Randall J. Shanks, Gallner & Gallner, P.C., Council Bluffs, and David D. Nisley, Modesto, CA, for appellants.

Richard M. Tucker and John E. Beasley, Phelan, Tucker, Boyle, Mullen, Bright & Walker, Iowa City, and Bonnie J. Campbell, Atty. Gen., and Robert D. Wilson, Asst. Atty. Gen., for appellee.

Considered by CARTER, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

## I.  Introduction

Maurice and Kathie Vachon ("Vachons") appeal from the entry of summary judgment against them with regard to their medical malpractice suit against the State of Iowa. The Johnson County District Court entered summary judgment against the Vachons on the ground that their claims against the State are time barred.  The Vachons appeal to this court, claiming a genuine issue of material fact exists regarding the application of the discovery rule to their claims against the State.  The State cross-appeals claiming the district court erred in holding the discovery rule applied to claims governed by the Iowa State Tort Claims Act.  Iowa Code ch. 25A (1991) (now codified at Iowa Code ch. 669 (1993)).  A further dispute occurs regarding the applicable statute of limitations in this case.  The Vachons claim Iowa Code section 614.1(9) governs.  The State contends Iowa Code section 669.13 controls.

## II.  Standard of Review

Our review in this case is for errors at law.  Iowa R.App.P. 4.  This appeal stems from the entry of summary judgment in favor of the State.  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Sparks v. Metalcraft, Inc.,* 408 N.W.2d 347, 350 (Iowa 1987).  The burden of showing the absence of a genuine issue of material fact is with the moving party.  *Id.*  Every legitimate inference that can reasonably be made from the evidence should be afforded the nonmoving party.  *Id.*  A fact question exists if reasonable minds could differ as to how a factual issue should be resolved.  *Id.*

## III. Factual Background

The factual background of this case is succinctly discussed in our prior decision of *Vachon v. Broadlawns Medical Foundation*, 490 N.W.2d 820, 821–22 (Iowa 1992) ("*Vachon I*"). We need only discuss here the undisputed facts of particular relevance to this appeal.

On October 9, 1987 a car struck Maurice Vachon while he walked on a gravel road near Des Moines. He was taken to Broadlawns Hospital for treatment. That same day, Broadlawns transported Vachon by ambulance to the University of Iowa hospital. Doctors at the University of Iowa diagnosed "compartment syndrome" in Vachon's right leg. Vachon received treatment for compartment syndrome for several days. On October 16, 1987 doctors amputated Vachon's right leg slightly below the knee.

On May 25, 1988 the Vachons retained legal counsel. On March 20, 1989 an attorney for the Vachons requested the release of Vachon's medical records from the University of Iowa Hospital. These records were mailed to the Vachons' attorneys on March 27, 1989.

On August 25, 1989 the Vachons sued Broadlawns Hospital, the two doctors who treated him there, and the State, under the theory of respondeat superior, for medical malpractice and loss of consortium. The Vachons' suit alleged negligence on the part of the Broadlawns doctors in failing to diagnose, care, and properly treat the compartment syndrome. On November 21, 1990 a jury entered a verdict in favor of the *Vachon I* defendants. We affirmed that verdict on September 23, 1992. *Id.* at 820.

On May 7, 1990 the Vachons' attorney received a letter from Dr. Charles Sisk stating the following:

It is noteworthy that a diagnosis of compartmental syndrome was missed by the emergency room physician at the University of Iowa who apparently was a third-year orthopedic resident and that no diagnosis was suspicioned or confirmed until the patient arrived in the operating room.

On July 8, 1991 the Vachons filed suit against the State alleging essentially the same cause of action they pursued in *Vachon I*. On May 26, 1992 the Vachons applied to the district court for approval of the retainer agreement with respect to this lawsuit.

The State filed a motion for summary judgment, claiming the Vachons' lawsuit was time barred under Iowa Code section 669.13. After a hearing on the matter, the district court entered summary judgment in favor of the State.

The district court held the discovery rule applied to suits brought under the State Tort Claims Act. Further, the district court held the plaintiffs knew all the facts necessary to put them on notice of the existence of potential malpractice claims against the State more than two years before they filed those claims. Thus, as a matter of law the district court held the Vachons' claims against the State were time barred under Iowa Code section 669.13.

## IV. Applicability of the State Tort Claims Act

■ Iowa Code section 669.13 provides that "[e]very claim and suit permitted under this chapter shall be forever barred, unless within two years after such claim accrued, the claim is made in writing to the state appeal board under this chapter." Iowa Code § 669.13. The State Tort Claims Act permits parties to bring claims for monetary damages "on account of personal injury ... caused by the negligent or wrongful act or omission of any employee of the State...." *Id.* § 669.2(3)(a).

The Vachons claim Iowa Code section 614.1(9) is the proper statute of limitations to apply in this case. The Vachons give no explanation in their briefs as to why they believe section 614.1(9) should apply rather than section 669.13. The State argues that by virtue of the fact that this is a claim for negligence against the State, the State Tort Claims Act and its statute of limitations applies.

The language of section 669.13 is clear. There is no dispute the Vachons filed a negligence claim against the State for personal injuries caused by a State employee. The Vachons themselves filed their claim against

the State with the State Appeals Board pursuant to Iowa Code section 669.3. We hold the State Tort Claims Act statute of limitations section 669.13 applies in this case.

V. Applicability of Discovery Rule to Section 669.13.

■ Under the "discovery rule," a cause of action based on negligence does not accrue until a plaintiff discovers the injury or by the exercise of reasonable diligence should have discovered it. *Chrischilles v. Griswold,* 260 Iowa 453, 463, 150 N.W.2d 94, 100 (1967). We held the discovery rule applies to cases filed under the State Tort Claims Act in *Callahan v. State,* 464 N.W.2d 268, 273 (Iowa 1990).

■ In holding the discovery rule applied, we focused on the word "accrued." *Id.* at 270. Where a statute of limitations uses the term "accrued" with regard to when the statute begins to run, the discovery rule applies. *Id.* (citing *Sparks,* 408 N.W.2d at 351; *Franzen v. Deere & Co.,* 377 N.W.2d 660, 662 (Iowa 1985); *Brown v. Ellison,* 304 N.W.2d 197, 201 (Iowa 1981); *Orr v. Lewis Cent. Sch. Dist.,* 298 N.W.2d 256, 262 (Iowa 1980); *Cameron v. Montgomery,* 225 N.W.2d 154, 155–56 (Iowa 1975); *Baines v. Blenderman,* 223 N.W.2d 199, 201–03 (Iowa 1974); *Chrischilles,* 260 Iowa at 463, 150 N.W.2d at 100).

We also noted the decisions of the United States Supreme Court applying the discovery rule to similar statutes. *Callahan,* 464 N.W.2d at 270–71; *see Urie v. Thompson,* 337 U.S. 163, 169, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282, 1292 (1949); *United States v. Kubrick,* 444 U.S. 111, 123–24, 100 S.Ct. 352, 360, 62 L.Ed.2d 259, 270–71 (1979). Under both the Federal Employers' Liability Act (FELA), and the Federal Tort Claims Act (FTCA), the statute of limitations begins to run when the plaintiff's claim "accrues." *See* 45 U.S.C. § 56 (1941); 28 U.S.C. § 2401(b) (1966). Because the FTCA is similar to our State Tort Claims Act, we gave considerable weight to the United States Supreme Court cases interpreting those acts in *Callahan,* 464 N.W.2d at 271. We agreed with the United States Supreme Court that to attach such harsh consequences to "blameless ignorance" would defeat the remedial purposes of the governmental tort claim statutes. *Id.* at 271; *Urie,* 337 U.S. at 169, 69 S.Ct. at 1024, 93 L.Ed. at 1292.

For all of the above discussed reasons, the Vachons argue the discovery rule ought to apply in this case. The State, on the other hand, contends the discovery rule should not apply. The State believes *Callahan* should be overruled. It asserts chapter 669 is a statutorily created waiver of blanket governmental immunity in tort. As such, the State reasons the act's provisions should be strictly construed. It argues that if the legislature desired the embodiment of a discovery rule in the State Tort Claims Act, it could easily so provide.

■ For the reasons reiterated above from our decision in *Callahan,* we believe the discovery rule applies to claims brought under chapter 669. *See Callahan,* 464 N.W.2d at 270–71, 273. In addition, we note that since the *Callahan* decision our legislature possessed ample opportunity to amend section 669.13 to expressly disallow the application of the discovery rule. We regard its failure to do so as tacit approval of our decision in *Callahan. See Smith v. Iowa Liquor Control Comm'n,* 169 N.W.2d 803, 807–08 (1969).

■ Moreover, the latent nature of injuries common in medical malpractice cases sparked the waive of legislative enactments adopting the discovery rule. *See generally* W. Page Keeton, *Prosser & Keeton on Torts* § 30, at 165–68 (5th ed. 1984). We discussed the necessity of applying the discovery rule in medical malpractice cases in *Baines v. Blenderman,* 223 N.W.2d at 201–03. "A rule which would invariably charge a patient with knowledge of malpractice at the time the injury was first perceived would 'punish the patient who relies upon his doctor's advice and [place] a premium on skepticism and distrust.'" *Baines,* 223 N.W.2d at 202–03 (quoting *Johnson v. Caldwell,* 371 Mich. 368, 123 N.W.2d 785, 791 (1963)). We hold the Vachons' claims accrued when they discovered their injuries or through their exercise of reasonable diligence should have discovered them.

## VI. Discovery Rule Applied

■ Mere knowledge of an injury is not always sufficient to alert reasonably diligent persons to the basis of their claims. *Id.* at 201. Such decisions turn on the circumstances of each case. *Id.*

■ Moreover, it is unnecessary that the plaintiff know of the specific negligence of a particular defendant or the details of the evidence by which to prove the cause of action. *Id.* at 202. The statute of limitations begins to run if a plaintiff may reasonably be charged with knowledge of facts sufficient to trigger awareness of a cause of action against a particular defendant. *Id.*

In *Baines,* we held a genuine issue of material fact existed as to when a plaintiff discovered, or in the exercise of reasonable care, should have discovered his injury. *Id.* at 203. *Baines* turned on the plaintiff's justified reliance on the statement of his doctor that the loss of vision in his right eye "was an unusual but temporary postoperative side effect" of his back surgery. *Id.* This court held a trier of fact could find the plaintiff excusably unaware of his cause of action until the date he first learned of "the cause and true nature of his injury." *Id.*

In *Franzen,* we held that "knowledge of the facts and knowledge that they are actionable are distinct and unrelated issues for the purposes of the discovery rule." *Franzen,* 377 N.W.2d at 662. In *Franzen,* the plaintiff lost his arm when an apron on a forage wagon, which plaintiff thought to be immobilized, carried him into a revolving beater mechanism in the machine. *Id.* The plaintiff knew enough to sue the owner of the wagon for his injuries. *Id.* at 662. Moreover, he sought a lawyer and they discussed a possible claim against the manufacturer of the machine. *Id.* The plaintiff hesitated to file a claim against the manufacturer because he once worked for the company. *Id.* We held the plaintiff possessed sufficient facts to put him on notice of possible defects in the machine. *Id.* at 663. As a matter of law, the claim was time barred. *Id.* at 664.

In *Sparks,* we cited with approval the following language of the New Jersey Supreme Court:

There is no suggestion in any of the leading cases in this area that accrual of the cause of action is postponed until plaintiff learns or should learn the state of the law positing a right of recovery upon the facts already known to or reasonably knowable by the plaintiff.... When the reported decisions speak in terms of the "discovery of the existence of the cause of action" the intended meaning is ... [that] the cause of action accrues when "the injured party discovers ... that he may have a *basis for* an actionable claim."

*Sparks,* 408 N.W.2d at 351 (quoting *Burd v. New Jersey Tel.,* 76 N.J. 284, 386 A.2d 1310, 1314–15 (1978)). In addition, we held that under the discovery rule the statute begins to run when the plaintiff obtains knowledge sufficient to put the plaintiff on inquiry notice. *Id.* It is on that date that plaintiffs are charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation. *Id.; see also Estate of Montag v. TH Agric. & Nutrition Co.,* 509 N.W.2d 469, 470 (Iowa 1993).

In *Sparks,* we held a statute of limitations barred a plaintiff's negligence and strict liability claims against a chemical manufacturer resulting from the plaintiff's exposure to chemical solvents while working for the University of Iowa. *Id.* at 347, 352. A doctor's report informed the plaintiff of severe nerve damage resulting from his exposure to the chemical compounds at work. *Id.* at 352. Moreover, Sparks filed suit against the University alleging the solvents were toxic and that as a result of his long time exposure to them he suffered injury. Sparks also knew at the time he sued the university who manufactured the chemicals, that the manufacturer placed no warnings on the chemical containers, and that they were injurious if inhaled. *Id.* at 352. We held the plaintiff possessed sufficient knowledge upon which he could assert claims in strict liability and negligence against the chemical manufacturer. *Id.*

Finally, in *Callahan* we held that a claim does not accrue "until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause." *Callahan,* 464 N.W.2d at 273. The child in *Callahan* repressed his sexual abuse for years. *Id.* at 269. The mother knew of her child's sexually deviant behavior

at home, but did not know of its cause. *Id.* Years after the sexual abuse occurred, the child finally disclosed it under intensive counseling. *Id.* Under these facts, we held a genuine issue of fact existed regarding what the mother knew about her son's injury, and when she obtained that knowledge. *Id.* at 273.

The Vachons argue a genuine issue of material fact exists in this case. They claim they possessed no knowledge of their potential cause of action against the State until they received the letter from Dr. Sisk. According to the Vachons, they had no factual basis for a lawsuit against the State until that point.

The State contends the Vachons knew enough to enable them to protect themselves by seeking advice in the legal and medical community. The State contends the record establishes as a matter of law that the Vachons knew the fact of Vachon's injury and knew enough facts to pursue his remedy before the two-year statute of limitations expired.

We believe this case is within the legal parameters set in *Franzen* and is controlled by it. In *Franzen,* on the first appeal, we reversed a judgment dismissing a products liability case arising out of a farm accident in order to permit plaintiffs to attempt to establish a discovery rule exception to the two year statute of limitations in Iowa Code section 614.1(2) (1979). *See Franzen v. Deere & Co.,* 334 N.W.2d 730, 732 (Iowa 1988). On remand after reviewing the evidence, the trial court entered a summary judgment for defendant. We affirmed because we found the summary judgment record showed no genuine issue of material fact supporting application of the discovery rule.

In *Franzen* the plaintiffs contended they did not discover their cause of action until their attorney first mentioned the possibility of a products liability claim. This was in January 1981; the accident was on June 25, 1979. We held that plaintiffs' action accrued on the date of the accident and the two-year statute of limitations expired before they brought their action. Our analysis was as follows:

> Plaintiffs knew the instrumentality that caused the injury at the time it occurred. They knew the injury was caused when Eligius became entangled in the beaters of the forage wagon. The information they possessed on the date of the accident was plainly sufficient to put them on inquiry notice concerning possible defects in the wagon. They did not investigate at that time. When they later investigated, they found the alleged defects they now rely on. They are not aided by the fact they postponed their investigation until their discussion with a lawyer in January 1981. The lawyer's suggestion that they might have an actionable claim did not diminish their prior duty to investigate the facts when they were on inquiry notice. *See Sedlak v. Ford Motor Company,* 64 Mich.App. 61, 63, 235 N.W.2d 63, 64 (1975).

*Id.* at 663; *accord Montag,* 509 N.W.2d at 471.

In the case at bar, the record discloses that plaintiffs retained the services of their attorneys to represent them on May 25, 1988. On March 20, 1989 they requested medical records pertaining to Maurice Vachon's treatment and care at the University of Iowa Hospital and Clinic (UIHC). Those records were mailed to the Vachons' attorneys on March 27, 1989. The waivers that permitted UIHC to release Maurice Vachon's medical records were executed on May 6, 1988 and June 5, 1988.

In August 1989 the Vachons filed their medical malpractice action against Broadlawns Hospital, two doctors who treated him there and the State. The allegations of negligence were in failing to diagnose, care, and properly treat the compartment syndrome in Maurice Vachon's right leg. In an opening statement plaintiffs' counsel said:

> The Plaintiffs, the Vachons, have doctors that will come and testify and give you their opinions, and their opinions will be that Broadlawns Medical Association, Broadlawns Medical Center, Dr. Wood, and Dr. McClain, failed to diagnose and treat the compartment syndrome and monitor it and perform a fasciotomy, and that failure to do so resulted in the amputation.

*Vachon I,* 490 N.W.2d at 825.

The present claim in the case at bar is based on the compartment syndrome injury.

The newly discovered information relied upon by plaintiffs to avoid the statute of limitations is that there was a delay between the treatment given in the emergency room at UIHC and the discovery and treatment of the compartment syndrome injury in the operating room. Plaintiffs assert that this information was necessary before their present lawsuit could be commenced and that their lack of knowledge shields them from the statute of limitations through application of the discovery rule.

We do not believe that plaintiffs' instant suit is protected from the two-year statute of limitations. Even when the discovery rule is applied, we find that the two-year statute has run. Vachons and their counsel knew that the injury at issue was a compartment syndrome injury. The case was brought to counsels' attention on May 25, 1988. Medical records were mailed to Vachons' attorneys on March 27, 1989 and presumably received. By that time, if not before, plaintiffs knew all of the facts needed to investigate and determine the existence of a cause of action against these defendants in the case at bar. The action accrued and the two-year statute of limitations expired before plaintiffs filed their tort claims on July 10, 1991.

Plaintiffs further claim that the present lawsuit could not have been filed without the information last obtained because to have filed it without having secured a medical expert on the negligence issue would have subjected counsel to sanctions under Iowa Rule of Civil Procedure 80(a). That rule requires reasonable inquiry before a lawsuit is filed. Plaintiffs are not aided by that rule because reasonable inquiry has not been established.

The sustaining of the State's motion for summary judgment is affirmed.

**AFFIRMED.**