Pam **BRESSLER**, as Administrator of the Estate of Chanel Amber Stephens, deceased; Pam Bressler, individually; Shane Stephens, individually, Appellants,

v.

**GRACO CHILDREN'S PRODUCTS, INC.,** Appellee.

No. 94–1543.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1994.

Decided Dec. 22, 1994.

**380**

Patrick O'Bryan, Des Moines, IA, argued (Peter Berger, on the brief), for appellants.

Kevin M. Reynolds, Des Moines, IA, argued (Richard Kirschman, on the brief), for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

FAGG, Circuit Judge.

Pam Bressler and Shane Stephens appeal the district court's order granting summary judgment to Graco Children's Products, Inc. in this diversity products liability action governed by Iowa law. The district court held that, as a matter of law, the action accrued more than two years before Bressler and Stephens filed it and thus the applicable two-year statute of limitations barred the action. Because there is a genuine issue of fact about whether the action accrued more than two years before it was filed, we reverse the summary judgment and remand for further proceedings.

On the evening of December 1, 1990, Pam Bressler put her one-month-old daughter, Chanel Amber Stephens, to bed in a cradle swing manufactured by Graco. When Bressler checked on Chanel around one o'clock the next morning, Chanel was motionless and blue. The baby was in a corner of the swing and the cradle was not making a full swinging motion. According to Bressler, Chanel "was all the way down to the front of the ... cradle. Her head was back. . . . The way the swing was swinging ... seemed like it was pushing her further down." Bressler quickly removed Chanel from the cradle and saw the baby was not breathing. Bressler attempted to revive the baby and called an ambulance. After being rushed to a hospital, Chanel died. According to medical experts who performed an autopsy, Chanel died of sudden infant death syndrome (SIDS). Bressler and Chanel's father, Shane Stephens, joined a SIDS support group and kept the cradle for future children. After learning that Graco had recalled the swing in February 1992 based on reports of infant suffocation, however, Chanel's parents consulted an attorney in June 1992. On December 14, 1992, two years and twelve days after Chanel died but just ten months after the recall, Chanel's parents filed this action in Iowa to recover damages for their daughter's death, alleging Graco's cradle swing was defective and unreasonably dangerous, and caused Chanel to suffocate.

Graco moved for judgment on the pleadings, asserting the action was barred by Iowa's statute of limitations requiring personal injury and wrongful death actions to be filed within two years of the action's accrual. See Iowa Code § 614.1(2) (1993); Franzen v. Deere & Co., 377 N.W.2d 660 (Iowa 1985) (applying § 614.1(2) in products liability action). Graco asserted the action accrued on the date of Chanel's death because, given the facts alleged in their petition, Chanel's parents should have known then that the cradle swing might have caused her death. Chanel's parents argued they could not reasonably have known of the facts supporting all the elements of their action until Graco recalled the cradle in February 1992, and their action was timely because it was filed less than two years later. Treating Graco's motion as one for summary judgment, the district court granted the motion, holding as a matter of law that Chanel's parents should have known of their claim through conducting a reasonably diligent investigation.

 Under the Iowa discovery rule, an action accrues when the plaintiff has actual or constructive knowledge of facts supporting all the action's elements. Franzen, 377 N.W.2d at 662. A products liability action accrues when the plaintiff discovers or reasonably should have discovered the injury, its

product-related cause, and the product's defective and unreasonably dangerous condition. *See Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 393 (8th Cir.1986) (applying Iowa discovery rule); *Kraciun v. Owens–Corning Fiberglas Corp.*, 895 F.2d 444, 447 (8th Cir.1990) (same); *Franzen*, 377 N.W.2d at 662. Thus, summary judgment was appropriate in this case if a reasonable jury could only conclude, viewing the facts in the light most favorable to Chanel's parents, that Chanel's parents should have known more than two years before filing their action, from the facts surrounding Chanel's death or through reasonable investigation, that the cradle swing caused her death and that the cradle swing was defective and unreasonably dangerous. *See Kraciun*, 895 F.2d at 447; *Foster*, 787 F.2d at 393. We do not believe this standard was satisfied.

In affirming summary judgments involving the discovery rule, the Iowa Supreme Court has carefully distinguished cases in which the cause of injury or due diligence in investigating the cause is a question of fact. *Kraciun*, 895 F.2d at 446–47. In applying the Iowa discovery rule, we have recognized, " 'Issues of due diligence and constructive knowledge depend on inferences drawn from the facts of each particular case.... When conflicting inferences can be drawn from the facts, summary judgment is inappropriate.' " *Id.* at 447 (quoting *Foster*, 787 F.2d at 393).

■ In this case, there is at least a material question of fact about whether Chanel's parents should have known more than two years before filing their action (within twelve days after Chanel's death) that the cradle swing was defective and caused Chanel's death. Although Chanel's body was wedged in the cradle's corner and the swing was not making a full cycle, we do not think a reasonable jury could only conclude from these facts that Chanel's parents should have known the cradle swing was defective and unreasonably dangerous and caused Chanel's death by suffocation. Chanel's parents alleged the cradle swing's design allowed Chanel's face to press against the plastic lining causing her to suffocate, but we do not consider this an undisputed fact surrounding Chanel's death because it is an expert's theory of how the cradle swing was defective and killed Chanel rather than a factual allegation. The medical investigation showed SIDS caused Chanel's death. *See Baines v. Blenderman*, 223 N.W.2d 199, 202–03 (Iowa 1974) (medical malpractice plaintiff's due diligence was material question of fact; plaintiff's reliance on doctor's incorrect assurances is factor to consider on due diligence issue). Given the medical opinion that assured Chanel's parents she died of a natural cause unrelated to the cradle swing, and given the cradle swing's lack of obvious dangers or warnings, a reasonable jury could conclude Chanel's parents were reasonable in not immediately investigating the cradle swing by contacting Graco or hiring a products expert to determine whether the cradle swing's condition killed Chanel. *See id.* A reasonable jury might also conclude Chanel's parents should have investigated further despite the doctor's opinion because of Chanel's position and the swing's irregular motion. In these circumstances, whether Chanel's parents conducted a reasonably diligent investigation is a jury question. Further, even though an Iowa plaintiff is charged with knowing on the date of the incident what a reasonably diligent investigation would have disclosed, *Sparks v. Metalcraft, Inc.*, 408 N.W.2d 347, 351 (Iowa 1987), there is no evidence in the record that further investigation could have exposed the cradle swing's defect and the cause of Chanel's death.

■ As an alternative ground for affirmance, Graco contends the discovery rule does not apply because Chanel's parents had learned of the recall and consulted an attorney by June 1992, within the initial two-year limitations period. Graco contends actual knowledge of the claim within the initial limitations period relates the action's accrual back to the date of Chanel's death. We reject Graco's contentions. Graco admits the Iowa Supreme Court has not specifically addressed this issue, but relies on *Vachon v. State*, 514 N.W.2d 442 (Iowa 1994). Graco's reliance on *Vachon* is misplaced. In *Vachon*, the Iowa Supreme Court merely stated that even if the discovery rule applied and the action did not accrue until the plaintiff consulted an attorney in May 1988, the two-year

statute of limitations had still expired because the action was filed more than two years later in July 1991. *Id.* at 448. We do not believe Chanel's parents' consultation with an attorney has any relevance under existing Iowa law, other than to show they believed they might have a claim by the time they consulted an attorney. The statute of limitations would still run from the date Chanel's parents learned of the facts supporting all the elements of their claim, whether this was the date of Chanel's death or some later point in time.

The Iowa discovery rule "is based on a theory that a statute of limitations should not bar the remedy of a person who has been excusably unaware of the existence of [a] cause of action." *Franzen,* 377 N.W.2d at 662. Viewed in this light, we hold there is a genuine issue of material fact about whether Chanel's parents reasonably should have known more than two years before filing their action that Graco's cradle swing was defective and caused their daughter's death. We thus reverse the district court's grant of summary judgment to Graco.