79 F.3d 1151
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
The Estate of John DOE, by and through its legal
representative, Jane Doe, Appellant,
v.
AMERICAN ASSOCIATION OF BLOOD BANKS; American National Red
Cross, Appellees.
 No. 95-3302SI.
 United States Court of Appeals, Eighth Circuit.
 Submitted: February 22, 1996.
Filed: March 13, 1996.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 During open heart surgery in 1984, John Doe received a blood transfusion contaminated with the human immunodeficiency virus (HIV), the virus that causes acquired immunodeficiency syndrome (AIDS). Doe learned he had tested positive for HIV on May 4, 1990, and was later diagnosed as having AIDS. Doe filed this diversity action against the American Association of Blood Banks and the American National Red Cross (collectively the Red Cross) on May 12, 1992. After reviewing the jury's answers to special verdict questions, the district court decided Iowa's two-year statute of limitations barred Doe's claims. See Iowa Code § 614.1(2) (1995) (tort claims). Doe appeals, and we affirm.
 
 
 2
 At trial, the parties agreed that Doe's action had to be filed within two years of its accrual, but disputed when the two-year period began. Under Iowa's discovery rule, an action accrues and the statute of limitations begins to run when the "plaintiff discovers the injury or by the exercise of reasonable diligence should have discovered it." Vachon v. State, 514 N.W.2d 442, 445 (Iowa 1994). On appeal, Doe contends the district court's jury instructions and special verdict questions were improper under the governing Iowa law.
 
 
 3
 According to Doe, the jury should have been told the statute of limitations did not start to run until Doe discovered the Red Cross's possible wrongdoing. See Chrischilles v. Griswold, 150 N.W.2d 94, 100 (Iowa 1967). We disagree. The Iowa Supreme Court has interpreted its discovery rule to "embrace[ ] the concept of inquiry notice in several cases spanning a number of years." Woodroffe v. Hasenclever, 540 N.W.2d 45, 48 (Iowa 1995). Under the concept of inquiry notice, the statute of limitations begins to run " 'when a plaintiff first becomes aware of facts that would prompt a reasonably prudent person to begin seeking information [about] the problem and its cause.' " Id. (quoting Estate of Montag v. T H Agric. & Nutrition Co., 509 N.W.2d 469, 470 (Iowa 1993)). Contrary to Doe's view, the duty to investigate does not depend on the plaintiff's suspicion that a particular defendant was negligent. See Vachon, 514 N.W.2d at 446-48; Roth v. G.D. Searle & Co., 27 F.3d 1303, 1306-08 (8th Cir.1994).
 
 
 4
 Doe's only remaining contention is that the district court's jury instructions and special verdict questions were confusing and misleading. Having carefully reviewed all of the instructions and questions, we conclude the district court fairly and correctly defined the Iowa discovery rule. See National Auto. Trading Corp. v. Pioneer Trading Co., 46 F.3d 842, 844 (8th Cir.1995) (per curiam). Indeed, the instructions were nearly identical to the language used by the Iowa Supreme Court. See Woodroffe, 540 N.W.2d at 49; Montag, 509 N.W.2d at 470. Doe does not contend the evidence is insufficient to support the jury's finding that he had a duty to investigate, and thus we affirm the judgment of the district court.