Jonathan **BORLAUG**, Plaintiff–Appellant,

v.

The **CITY OF CEDAR FALLS**, Iowa, and **Black Hawk County**, Iowa, Defendants–Appellees.

No. 05–0847.

Court of Appeals of Iowa.

Jan. 19, 2006.

Bruce J. Toenjes of Nelson & Toenjes, Shell Rock, for appellant.

Bruce L. Gettman, Jr., and Michael J. Miller of Redfern, Mason, Dieter, Larsen & Moore, P.L.C., Cedar Falls, for appellee City.

John T. McCoy of Yagla, McCoy & Riley, P.L.C., Waterloo, for appellee County.

Considered by SACKETT, C.J., and VOGEL and EISENHAUER, JJ.

EISENHAUER, J.

The core question presented by this appeal is whether Black Hawk County and the City of Cedar Falls may be liable for enforcing a temporary no-contact order entered in a criminal domestic assault case. Jonathan Borlaug contends the enforcement of the order constituted a taking of private property entitling the property owner to compensation. The district court entered summary judgment in favor of the city and the county, and we affirm.

## I. Facts and Prior Proceedings.

We recite the facts in a light most favorable to Borlaug. *Vachon v. State*, 514 N.W.2d 442, 443 (Iowa 1994).

At all times material to this action, Borlaug owned a house on Lincoln Street in Cedar Falls. In September 2002, he was charged with domestic assault. On September 14, 2002, the district court entered an order prohibiting him from having any contact with the complainant. The complainant and her minor child had been residing with Borlaug, with his consent, since March 2002. The effect of this order, which contained language stating the order had no effect on title to real or personal property, was to remove Borlaug from his Lincoln Street home. It is undisputed that neither the complaining witness nor her minor child had any property interest in the Lincoln Street home.

After the entry of the temporary no-contact order and accompanied by an officer from the Cedar Falls Police Department, Borlaug went to his property to obtain clothes, but the locks had been changed and his motorcycle had been damaged. Borlaug was informed he could not return to his home on his own and this was the only time the Cedar Falls Police Department would accompany him to his home.

On September 23, 2002, Borlaug filed a motion to modify the no-contact order, seeking possession of his home. At the September 30 hearing on this motion, the assistant county attorney resisted Borlaug's motion, citing the need to provide protection for victims of domestic abuse. The district court refused to modify the order, but scheduled the matter for a review hearing on October 11, 2002.

At the review hearing, the parties agreed the complaining witness would move. The district court modified the no-contact order to place Borlaug in possession of his Lincoln Street home on October 17, 2002, at 7:00 a.m. When he returned to

his home, it was damaged and property was missing.

On February 25, 2003, Borlaug pleaded guilty to simple assault and the court deferred judgment and placed him on unsupervised probation. On March 9, 2004, the court found Borlaug had successfully completed his probation, granted the deferred judgment, and dismissed the charges.

On September 13, 2004, Borlaug filed his petition, alleging the actions of the City of Cedar Falls and Black Hawk County amounted to a taking of his property and a trespass. He sought actual damages, punitive damages, and attorney fees. During discovery, he claimed property damage of $2,967.50, temporary food and lodging expenses of $800, and damages from mental anguish of $66,200. The defendants each moved for summary judgment, which the district court granted on April 19, 2005. Borlaug appealed on May 16, 2005.

## II. Standard of Review.

We review a grant of summary judgment for the correction of errors of law. *American Family Mut. Ins. Co. v. Corrigan,* 697 N.W.2d 108, 111 (Iowa 2005).

We will affirm the district court's summary judgment for the defendants "if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Ratcliff v. Graether,* 697 N.W.2d 119, 123 (Iowa 2005); *see* Iowa R. Civ. P. 1.981. We view the record in a light most favorable to the plaintiff, as the nonmoving party. *Vachon,* 514 N.W.2d at 443. A genuine issue of material fact exists if "reasonable minds could differ as to how a factual issue should be resolved." *Id.* If reasonable minds could draw different inferences from the undisputed facts, summary judgment is inappropriate. Iowa

R.App. P. 6.14(6)(*q* ). However, if the only dispute concerns the legal conclusion to be drawn from undisputed facts, summary judgment is appropriate. *Ratcliff,* 697 N.W.2d at 123.

## III. Discussion.

On appeal, Borlaug argues (1) the defendants' actions were a compensable taking of his property, requiring just compensation, *see, e.g., Kelley v. Story County Sheriff,* 611 N.W.2d 475 (Iowa 2000), and (2) the district court was wrong in concluding the defendants had immunity.

In granting the motions for summary judgment, the district court concluded each of the defendants is immune to Borlaug's suit. Although the bulk of the district court's ruling focused on the immunity question, it further opined Borlaug sued the wrong defendant and also stated the actions of the defendants "have not damaged plaintiff as he indicates." These two statements sufficiently address the merits of Borlaug's takings claim to preserve it for our review.

We assume, solely for purposes of this discussion, that Borlaug's property was "taken" by someone or something and he is entitled to just compensation. That being said, we cannot conclude either of these defendants' actions constituted such a taking.

The law enforcement personnel at issue arrested Borlaug after receiving reports he had committed an assault, an accusation to which he eventually pleaded guilty and received a deferred judgment. They subsequently removed Borlaug from his home (where the complainant had been residing for several months with Borlaug's consent) pursuant to a temporary no-contact order entered in the pending domestic assault case. They indicated to Borlaug that all law enforcement personnel would enforce

the order in the future. In simply acknowledging they would follow and enforce a district court order, we cannot see how the law enforcement personnel employed by either of the defendants engaged in any compensable taking of Borlaug's property.

Borlaug complains about the defendants' "policy" of enforcing the plain language of domestic abuse no-contact orders. The no-contact order here was facially valid and contained nothing that would cause any of the defendants' employees to have any doubts about any aspect of its legality. In fact, the order was on a form adopted by our supreme court. Frankly, we cannot imagine the alternate world that Borlaug describes, in which law enforcement personnel would be empowered to make their own independent assessments of the propriety or enforceability of facially valid court orders.

In our view, *Gigliotti v. Redevelopment Authority,* 362 F.Supp. 764 (W.D.Pa.1973), is instructive. There, a sheriff enforced a writ removing the plaintiffs from a parcel of real property after the completion of eminent domain proceedings. In part, the *Gigliotti* plaintiffs alleged the entity asserting the power of eminent domain did not pay sufficient compensation, and named the sheriff as a defendant for enforcing the writ. The federal district court dismissed the complaint against the sheriff, noting "he was merely acting pursuant to direction of the court in the execution of a writ." *Gigliotti,* 362 F.Supp. at 766. We reach the same conclusion. If a compensable taking did in fact occur in the case before us, the liability for just compensation would be borne by an entity (or entities) other than the two named defendants.

To the extent that the assistant county attorney in Borlaug's criminal case can be considered responsible for any alleged taking, we conclude, although she appears to have been employed by Black Hawk County, she was acting as the attorney for the State of Iowa in a criminal proceeding commenced in the name of the State of Iowa. *See, e.g.,* Iowa Code § 331.756(1), (2) (2005). For that reason, the acts of the assistant county attorney cannot be attributed to Black Hawk County in determining whether any acts of the county constituted a compensable taking.

Having examined the facts in a light most favorable to Borlaug, we cannot conclude he generated a genuine issue of material fact as to whether any action of the City of Cedar Falls or Black Hawk County resulted in what we assume to be a compensable taking. Having concluded his takings claims against the defendants must fail for this reason, we need not consider Borlaug's remaining arguments for reversal.

As to Borlaug's common law causes of action, the district court's determination of immunity is correct. No further discussion is necessary. Iowa R.App. P. 6.24(2).

## IV. Conclusion.

We have considered all issues presented and affirm the judgment of the district court.

**AFFIRMED.**